[Civ. No. 985.   First Appellate District.—July 12, 1912.]

# L. SCATENA & CO., a Corporation, Appellant, v. P. J. VAN LOBEN SELS, Respondent.

CORPORATIONS—ACTION ON CONTRACT—COUNTERCLAIM FOR REBATES ON PRODUCE SHIPPED ON COMMISSION—AUTHORITY OF MANAGING AGENT —ESTOPPEL.—In an action by a corporation upon defendant's note and for goods sold, in which defendant counterclaimed under a contract for annual rebates of half of the commissions for produce shipped by defendant to plaintiff for three years, under a contract with its managing agent, whose authority the corporation denied, but the evidence sustains the finding that such contract was within the scope of the agent's authority to agree upon its terms, and where it appears that such rebates had been so contracted for and paid, without objection, for four previous years, it is held that the corporation, having received the benefit of the contract sued upon, is estopped to deny its agent's authority to make it.

ID.—PRACTICAL CONSTRUCTION OF CONTRACT — AMOUNT OF PRODUCE SHIPPED—SUPPORT OF FINDING.—Where, in practice, the rebates of one-half the commissions on produce shipped by defendant to plaintiff were paid at the end of each year, without question as to whether more or all of defendant's produce had been consigned to plaintiff, and there was no reference in the contract sued upon as to the quantity of the produce that should be shipped, it is held that it was not a condition precedent to the payment of the rebates that the defendant should consign all or any particular portion of such produce to the plaintiff, and that the finding of the court as to the meaning of the contract in accordance with such practical construction is fairly supported by evidence, and cannot be disturbed upon appeal.

ID.—COUNTERCLAIM FOR REBATES LIMITED TO END OF YEAR BEFORE SUIT —END PENDING SUIT—MODIFICATION OF JUDGMENT.—Only such rebates on commissions for produce are the proper subject of a counterclaim as were due at the end of any year which expired before the commencement of the action; but where the answer shows a continuous contract for rebates at the end of each year, and the end of the last year expired pending suit before judgment, and the proper amount of such rebates is shown and found by the court, the judgment should be modified by adding such amount to the judgment as of the date of its entry.

ID.—REPLICATION TO COUNTERCLAIM NOT REQUIRED—EVIDENCE—FINDING. Under our practice, no replication is required to raise an issue upon the matter of a counterclaim. Its allegations are deemed denied; but plaintiff, besides introducing evidence in denial thereof, may also

prove any affirmative matter as a defense to the counterclaim, without pleading it. But in order to require a finding upon any affirmative matter urged to a counterclaim, it must constitute a defense thereto, and be supported by some evidence. It is held that letters written by defendant to plaintiff after the rebates were earned showed no defense thereto, and required no special finding.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Fred L. Dreher, for Appellant.

McKee & Tasheira, for Respondent.

HALL, J.—This is an appeal by plaintiff from an order denying its motion for a new trial and from such portion of the judgment as allows the counterclaim of defendant.

Plaintiff filed its complaint against defendant upon two causes of action, one upon a promissory note for $1,000, interest and attorneys' fees, and the other for $542.09 for goods sold and delivered.

Defendant, by way of counterclaim, set up a claim to recover of plaintiff one-half of certain commissions charged and retained by plaintiff for the selling of certain farm produce consigned to plaintiff by defendant during the years 1906, 1907 and 1908, under an agreement, as it is alleged, whereby plaintiff promised to repay to defendant at the end of each year one-half the commissions charged by it for the selling of such produce as should be consigned to it for sale by defendant during the year.

The court found in favor of defendant upon his counterclaim and allowed the amount thereof as a credit or offset against the claim of plaintiff against the defendant. It is this action of the court that is complained of in this appeal.

1. The first ground urged for a reversal is that the evidence does not show that the agreement for a rebate of commission was the contract of plaintiff.

Whatever agreement defendant had with plaintiff for the allowance of a rebate on commission was made by him with L.

Scatena, the president, manager and agent of plaintiff. The evidence shows that plaintiff had an agreement with the other firms engaged in handling farm produce on commission that all the commission firms should charge a uniform rate of commission. Plaintiff, in its brief, does not challenge the sufficiency of the evidence to show that L. Scatena had either actual or ostensible authority to make contracts for the consignment of produce to plaintiff, but claims that because this particular contract allowed to defendant a rebate on such commissions, such contract was not within the scope of the agency of its manager, and therefore did not bind the plaintiff. This contention, we think, puts too narrow a limitation upon the authority of the agent. He had authority to contract for the consignment of produce and necessarily to agree to the terms upon which consignments would be received. The subject matter of the contract was clearly within the scope of his agency, and it does not lie in the mouth of the plaintiff, who has received and accepted the benefit of such contract, to say that its general manager and agent had no authority to agree to the terms of the contract. Besides, the contract for a rebate was first entered into in 1902, or before such date, and it is perfectly established by the evidence that the agreed rebates were allowed and paid to defendant each year thereafter until 1906.

The court was justified in holding that the contract proved was the contract of plaintiff.

2. It is next urged that the contract proved was to the effect that the rebate should be allowed only in case defendant should consign all his produce to plaintiff, or at least that he should consign more than he had previously consigned, and that there is no evidence that he had complied with such condition.

As before stated, the contract for the allowance of a rebate on commissions was first entered into in 1902, or before such date. In the conversation at that time between Mr. L. Scatena and defendant, language was used that justified the contention of plaintiff that the agreement was for a rebate if defendant would consign all or more of his produce to plaintiff. But in practice the rebate was paid at the end of each year thereafter until 1906, without question as to whether more or all of defendant's produce had been consigned to

plaintiff. Such had been the practical construction put upon the agreement by the parties in interest. In a general way an agreement for a rebate was entered into at the beginning of each year. The evidence particularly shows the entering into the agreement at the beginning of 1906. The language testified to is somewhat vague, and while it shows an agreement for a rebate of one-half the commission to be paid at the end of the year, there was no reference to the quantity of produce that should be shipped.

The whole evidence shows that there was a keen competition among commission men to obtain consignments; that defendant was a large grower of such produce, and that plaintiff was anxious each year to obtain his consignments. The circumstances, as disclosed by the evidence, were such as to justify the court in believing that when the parties in 1906 agreed to the payment of a rebate on commissions for consignments, they had in mind the practice that had been in fact followed for the preceding years rather than the language that had been used when the agreement for a rebate was first made. The payment of a rebate was agreed to by plaintiff as an inducement to defendant, a large grower of produce, to consign to plaintiff, and it was not a condition precedent to the payment of such rebate that defendant should consign all or any particular proportion of such produce to plaintiff. Such, at least, is the conclusion justified by the circumstances in evidence concerning the making of the agreement. It is the interpretation put upon the agreement by the trial court, and as it is fairly supported by the evidence, we cannot disturb either the findings or the judgment for this reason.

3. It is next urged that the matter set forth in the defendant's answer does not constitute a counterclaim because it was not a "cause of action arising upon a contract and existing at the time of the commencement of the action."

In part, this contention must be sustained.

A defendant, "in an action upon a contract," may plead, by way of counterclaim, "any other cause of action arising also upon contract and existing at the commencement of the action." (Code Civ. Proc., secs. 437, 438.)

This action was commenced on the thirteenth day of August, 1908. The rebate for commissions on consignments for the year 1908 was not payable to defendant until the end of

said year. This appears both by the allegations of defendant's counterclaim and the findings of the court. No cause of action existed for the recovery by defendant of any rebate on commissions on consignments for the year 1908 when the action was commenced. The amount the court found and allowed, as a rebate on commissions for 1908, is the sum of $44.18, and the judgment should be modified by adding such amount to the judgment as of the date of the entry thereof.

4. It is next urged that the court failed to find upon a material issue raised by the evidence to the counterclaim. Under our practice, no replication is required to an answer or to a counterclaim set up in the answer. Its allegations are deemed denied, and the plaintiff may not only introduce evidence in denial of its allegations, but may also prove affirmative matter as a defense to such counterclaim.

In the case at bar the court found in favor of defendant upon the allegations of his counterclaim.

Appellant claims that evidence was introduced tending to show that defendant waived or abandoned his counterclaim before this action was brought, and that the failure of the court to find upon the issue thus raised is an error of law requiring a reversal of the judgment and a new trial.

If we concede for the purposes of this decision that it is necessary for the court to find upon an issue thus raised, we still do not think the court erred in failing to make the finding contended for. It certainly is not required of the court to make any finding upon any affirmative matter unless it constitutes a defense to the counterclaim and is supported by some evidence. In this case the appellant points to four certain letters written by defendant to plaintiff, which he claims show a waiver or abandonment of any claim for the rebate set up in the counterclaim. These letters were written after the rebate had been earned that we have in this opinion allowed. When they were written the obligation to pay such rebates had been fully incurred. There is nothing in them that can possibly be construed as amounting to a release or discharge of the obligation to pay such rebates. There is nothing in them that tends to show an accord and satisfaction, nor an estoppel against defendant. They are simply letters written to plaintiff by defendant concerning the demands of plaintiff against defendant, in which no mention is made of any claim

of defendant against plaintiff for the rebate set up in his counterclaim. They resulted in no settlement of the matter in controversy between plaintiff and defendant, nor in any action to the prejudice of plaintiff. They were admissible as evidentiary matter tending to show that no contract for rebates had ever existed, and as such were doubtless considered by the court, but they do not tend to prove any affirmative defense to the counterclaim. No finding was required upon any matter raised by the evidence presented by these letters other than such as was made upon the affirmative issues presented by defendant's counterclaim. Evidence that does not tend to prove an affirmative defense to a counterclaim does not call for a special finding as to the matter proved by such evidence.

Complaint is also made by appellant as to the admission of certain evidence over appellant's objection. The evidence admitted over appellant's objection was unimportant, and if the court committed a technical error in its ruling, it was of too trifling a character to require a new trial.

The order denying a new trial is affirmed. The judgment is modified by substituting the sum of $1,128.19 for the sum of $1,084.01, thus increasing the amount awarded to plaintiff by the sum of $44.18 as of the date of the entry of the judgment, and as so modified the judgment is affirmed.

Lennon, P. J., and Kerrigan, J., concurred.